UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMY WEXLER & PHILIP WEXLER,

    Plaintiffs,

v.

BATH & BODY WORKS, INC., BATH &
BODY WORKS, LLC, JOHN/JANE DOE 1-10,
and CORPORATION "X" 1-10,

    Defendants.

Civil Action No. _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Bath & Body Works, Inc. ("BBW, Inc.") and Bath & Body Works, LLC ("BBW, LLC") (collectively "BBW") hereby remove this civil action and all causes of action therein from the Worcester County Superior Court of the Commonwealth of Massachusetts (the "State Court") to the United States District Court for the District of Massachusetts. As grounds for removal, BBW states the following:

**A.    Plaintiffs' Complaint and Procedural History**

1.    On July 12, 2022, Plaintiffs' Amy and Philip Wexler (collectively "Wexler") commenced an action in the Massachusetts Superior Court located in Worcester County captioned as *Wexler v. Bath & Body Works, Inc.*, Docket No. 2285CV00802 (the "State Court action"). A copy of the State Court docket is attached as Exhibit A.

2.    In the Complaint, Wexler alleges that BBW sold her a candle that allegedly exploded and burned Wexler's hands and feet causing burns, pain, discomfort, and scarring. As a result, Wexler alleges she has continued hand pain and has received multiple surgeries and physical therapy and requires further medical care in the future. Wexler asserted claims against

all Defendants for negligence, negligent misrepresentation, strict liability, breach of implied warranty, breach of express warranty, and loss of consortium. Wexler's statement of damages pursuant to G.L. c. 212, § 3A claims over $1,195,000 in damages stemming from the allegations in the Complaint.

3. BBW was served with Wexler's Complaint (the "Complaint") by a Deputy Sheriff on August 12, 2022. The service of process transmittal summary shows that BBW's Registered Agent in Massachusetts, CT Corporation System, received service by drop service on August 12, 2022. A true copy of the Summons, Complaint, Civil Action Cover Sheet, and Tracking Order served upon BBW is attached as <u>Exhibit B</u>. A true and accurate copy of the Proof of Service is attached as <u>Exhibit C</u>. BBW has not received any other pleadings or orders in the State Court action. To BBW's knowledge, apart from the filing of the Complaint, there have been no further proceedings in the State Court. *See* <u>Exhibit A</u>.

4. BBW denies all liability for Wexler's claims in the Complaint and has valid defenses thereto. By removing this action from the State Court, BBW does not waive any defenses available to it and does not admit any of the allegations in the Complaint.

**B.      The Court Has Diversity Jurisdiction Over This Matter Because There Is Complete Diversity Between Plaintiffs and Defendants and the Amount in Controversy Exceeds $75,000.**

5. The basis for jurisdiction in this Court is diversity of citizenship under 28 U.S.C. § 1332(a). Section 1332(a) provides, in pertinent part, that "[t]he district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

6. While the Complaint does not allege a specific damage amount, a preponderance of the evidence strongly suggests that the amount in controversy is substantially higher than

$75,000. *See Baker v. Equity Residential Management, LLC*, 996 F. Supp. 2d. 1, 3 (D. Mass. 2014) (clarifying evidentiary standard for diversity of citizenship applies to amount in controversy requirement). Here, Wexler's Civil Action Covert Sheet alleges over **$1,195,000** in damages including approximately $235,000 in "documented medical expenses to date" which by themselves would exceed the $75,000 threshold. *See* <u>Exhibit B</u>, Civil Action Cover Sheet; *Salvail v. Relocation Advisors, Inc.*, No. 11-10500, 2011 WL 1883861, at *1 n.1 (D. Mass. May 17, 2011) (Stearns, J.) (finding amount in controversy requirement met where damages listed on civil action cover sheet exceed $75,000). While not specifically pleaded, the damage allegations in the Complaint support a finding that the amount in controversy exceeds $75,000 as Wexler alleges "severe burns, injuries and pain to her hands and feet [requiring] future medical care, including physical therapy and pain management . . . mental distress and anguish and . . . permanent impairment of the use and function of here hands and feet and other damages." *See* <u>Exhibit B</u>, Complaint, at ¶31; *Williams v. Litton Loan Servicing*, No. 10-11866, 2011 WL 3585528, at *6 (D. Mass. Aug. 15, 2011) (Wolf, J.) (discouraging reliance on civil action cover sheet where contradicted by complaint itself). These allegations in the Complaint support, rather than contradict, the claim of documented medical expenses on the Civil Action Cover Sheet. Accordingly, this action satisfies the $75,000 amount in controversy requirement of 28 U.S.C. § 1332(a).

7. There is complete diversity of citizenship between the plaintiff and each of the defendants. As alleged in the Complaint, Wexler (Amy and Philip) is a citizen of Massachusetts. *See* <u>Exhibit B</u>, Complaint at ¶¶ 1-2.

8. Based upon information and belief, the Complaint's allegations concerning the citizenship of each party is true and accurate.

9. As alleged in the Complaint, Defendant BBW, Inc. is a corporation incorporated under the laws of the State of Delaware with a principal place of business located at 7 Limited Parkway East, Reynoldsburg, Ohio 43068. Pursuant to 28 U.S.C. § 1332(c)(1), a "corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ." Accordingly, Defendant BBW, Inc. is a citizen of both Delaware and Ohio and is fully diverse from Plaintiff as a Massachusetts citizen.

10. As alleged in the Complaint, Defendant BBW, LLC is a Limited Liability Company organized under the laws of the state of Delaware with its principal place of business located at 2 Limited Parkway, Columbus, Ohio, 43230. In this Circuit, "[f]or the purposes of diversity jurisdiction, the 'citizenship of a limited liability company is determined by the citizenship of all of its members.'" *North Beacon 155 Associates LLC v. Mesirow Financial Interim Management LLC*, No. 15-11750, 2015 WL 13427609, *1 (D. Mass. June 29, 2015) (Sorokin, J.) (quoting *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011). BBW, LLC's sole member is Retail Store Operation, Inc., a corporation incorporated in Delaware with a principal place of business in Ohio. Accordingly, Defendant BBW, LLC is a citizen of both Delaware and Ohio as its sole member is a citizen of Delaware and Ohio and is thus fully diverse from Plaintiff as a Massachusetts citizen.

11. The Complaint also alleges multiple fictitious defendants, namely "Defendants, John/Jane Doe(s) 1-10" and "Defendants, Corporation(s) "X" 1-10" who contributed to the damages alleged in the Complaint. Under 28 U.S.C. § 1441(b), "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." Accordingly, the

presence of unnamed and fictious Defendants John/Jane Doe(s) 1-10 and Corporation(s) "X" 1-10 is disregarded from the diversity analysis under 28 U.S.C. § 1332(a).

    **C.**    **Removal is Timely**

12.    This Notice of Removal is timely. BBW files this Notice of Removal within thirty days of service of the Summons and Complaint upon BBW. *See* 28 U.S.C. § 1446(b)(2)(B).

13.    BBW was served via its Registered Agent on August 12, 2022 as the Proof of Service shows that BBW received service on August 12, 2022 and is filing this Notice of Removal within the thirty (30) day timeframe provided by 28 U.S.C. § 1446(b)(2)(B). *See* Exhibit C.

    **D.**    **Other Procedural Matters**

14.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon BBW is attached. *See* Exhibit B.

15.    All defendants have joined in this Notice of Removal. *See* 28 U.S.C. § 1446(b)(2)(A).[1]

16.    Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be promptly provided to all parties upon filing, and a copy of this notice will be filed with the clerk of the State Court, which shall effect the removal of the State Court action and the State Court shall proceed no further unless and until the case is remanded.

---

[1] As stated in ¶11 above, the citizenship of defendants sued under fictious names is disregarded and so 28 U.S.C. § 1446(b)(2)(A) does not require the joinder of fictious defendants to removal.

17.     Pursuant to Local Rule 81.1, BBW has requested a certified copy of the docket and all records and proceedings in the State Court and will file the same with this Court upon receipt.

18.     Pursuant to 28 U.S.C. § 1441(a), this action is properly removed to this Court because this is the federal district embracing the place where the State Court action is pending.

## CONCLUSION

This civil action features complete diversity of citizenship between the plaintiff and all defendants. Plaintiff Wexler is a citizen of Massachusetts, while BBW, Inc. and BBW, LLC are not. In addition, the amount in controversy exceeds the sum of $75,000. For these reasons, the case is subject to this Court's original jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: **September 1, 2022**.

Respectfully submitted,

**BATH & BODY WORKS, INC.** and
**BATH & BODY WORKS, LLC**,

*/s/ Ryan Forgione*
_____
Darrell Mook, Esq. (BBO # 546754)
dmook@donovanhatem.com
Paul Muniz, Esq. (BBO # 564786)
pmuniz@donovanhatem.com
Ryan O. Forgione, Esq. (BBO # 707185)
rforgione@donovanhatem.com
DONOVAN HATEM LLP
53 State Street, 8th Floor
Boston, MA 02109
Tel: (617) 406-4515
Fax: (617) 406-4501

## **CERTIFICATE OF SERVICE**

   I, Ryan O. Forgione, hereby certify that on September 1, 2022, a copy of the above has been served on all parties via e-email and first-class mail as follows:

David Bricker, Esq.
Ginger Gibbs, Esq.
THORNTON LAW FIRM, LLP
1 Lincoln Street, 13th Floor
Boston, MA 02111
dbricker@tenlaw.com
ggibbs@tenlaw.com
*Counsel for Plaintiffs*

                */s/ Ryan Forgione*
                _____
                Ryan O. Forgione, Esq.