# EXHIBIT B

Date Filed 7/12/2022 4:21 PM
Superior Court - Worcester
Docket Number

E-FILED

## COMMONWEALTH OF MASSACHUSETTS

Worcester, SS

| | |
|---|---|
| **AMY WEXLER** ) | SUPERIOR COURT |
| **and PHILIP WEXLER,** ) | DEPARTMENT OF THE |
| ) | TRIAL COURT |
| Plaintiffs, ) | |
| v. ) | |
| ) | CIVIL ACTION NO.: 2285 cv00802 B |
| **BATH & BODY WORKS, INC.,** ) | |
| **BATH & BODY WORKS, LLC.** ) | |
| **JOHN/JANE DOE 1-10** ) | |
| **and CORPORATION "X" 1-10** ) | |
| ) | **COMPLAINT AND** |
| ) | **DEMAND FOR JURY** |
| ) | **TRIAL** |
| Defendants. ) | |

## COMPLAINT

By their attorneys, Plaintiffs AMY WEXLER and PHILIP WEXLER, bring

this action against defendants BATH & BODY WORKS, INC., a Delaware

Corporation, BATH & BODY WORKS, LLC, a Limited Liability Company organized

under the laws of the state of Delaware Corporation, JOHN/JANE DOE 1-10,

individual(s) residing in Massachusetts and CORPORATION "X" 1-10, a foreign

corporation, (collectively referred to as "Defendants") allege as follows:

### PARTIES

1. Plaintiff, AMY WEXLER is, and was at all times mentioned herein, a citizen
   and resident of Massachusetts, County of Worcester.

2. Plaintiff, PHILIP WEXLER is, and was at all times mentioned herein, a
   citizen and resident of Massachusetts, County of Worcester.  At all times

relevant to this Complaint, Philp Wexler was and is married to Amy Wexler (together "Plaintiffs").

3. Defendant BATH & BODY WORKS, INC. (hereafter referred to as "B&BW, INC."), is a Delaware corporation with it principal place of business located at 7 Limited Parkway East, Reynoldsburg, Ohio 43068.

4. BATH & BODY WORKS, LLC, (hereinafter referred to as "B&BW, LLC") is a Limited Liability Company organized under the laws of the state of Delaware Corporation with its principal place of business located at 2 Limited Parkway, Columbus, Ohio 43230.

5. B&BW, INC. and B&BW, LLC, at all relevant times hereto, was engaged in Massachusetts in the designing, testing, manufacturing, labeling, marketing, promoting, distributing and/or selling of a product called Bath & Body Works Nook – No Place Like Home candle ("Subject Product" or "Candle").

6. Defendants, John/Jane Doe(s) 1-10 are individuals employed and/or commissioned by Defendant manufacturers or distributors to market, advertise, promote and sell products, specifically the Candle to consumers, including Plaintiff Amy Wexler ("Plaintiff" or "Ms. Wexler"), in Worcester, Massachusetts.

7. Defendants, Corporation(s) "X" 1-10, is/are a corporation(s) that researches, develops, manufactures, markets, sells and distributes Candles. At all times relevant hereto, Corporation(s) "X" 1-10 was/were engaged in Massachusetts

in the testing, manufacturing, labeling, marketing, distributing, promoting, and selling of the Subject Product.

8. All defendants are collectively referred to herein as "Defendants."

## JURISDICTION/VENUE

9. Plaintiffs' cause of action arises out of the Defendants (1) transacting business in Massachusetts; (2) contracting to supply and/or sell goods in Massachusetts; (3) doing or causing a tortious act to be done in Massachusetts; and/or (4) causing the consequence of a tortious act to occur within Massachusetts, and the Defendants do, or solicit business or engage in a persistent course of conduct or derives substantial revenue from the sale of goods in Massachusetts.

## BACKGROUND

10. This is an action for damages suffered by Plaintiff Amy Wexler as a direct and proximate result of the wrongful conduct of Defendants in connection with the manufacture, construction, design, formulation, preparation, assembly, testing, service, warning, instruction, packaging, labeling, marketing, advertising, promoting, distributing, supplying, and/or sale of the Candle.

11. On July 21, 2019, Ms. Wexler was at home. She lighted and placed a candle sold by B&BW, Inc. and B&BW LLC next to the mirror in her bathroom. Thereafter, the candle exploded and severely burned Ms. Wexler's hands and feet causing second degree burns, severe pain and discomfort and scarring.

Ms. Wexler has continued bilateral hand pain as a result of the burns, for
which she has received multiple surgeries and physical therapy and will
require further such medical care in the future.

12. The Candle was clearly defective and lacked the proper and necessary
warnings resulting in injuries to Ms. Wexler. In fact, it appears that there
have been other consumer complaints regarding candles sold by B&BW, Inc.
and B&BW, LLC, including a prior recall of a line of candles sold by these
entities. As such, B&BW, Inc., and B&BW LLC had knowledge of the
defective condition of the Candles sold in its stores and online yet continued
to make them available to consumers.

13. At all times, Defendants tested, produced manufactured, sold, distributed,
marketed, processed, promoted, and supplied Candles. Defendants
knowingly, intentionally, willfully, and purposefully deceived consumers by
making false and fraudulent misrepresentations to consumers including, but
not limited to, concealing from Ms. Wexler and the general public, the true
facts known by Defendants concerning the safety of the Subject Product.

14. At all times relevant to this action, Defendants made material, false and
misleading representations to Ms. Wexler and the general public about the
dangers of the Subject Product. Specifically, the Defendants made
representations that the Subject Product was safe for use in the home when
they knew that such representations were false and unsubstantiated.

15. At all times relevant to this action, Defendants knew that these representations were false and inaccurate. These facts and information were known to the Defendants, and Defendants intentionally withheld and concealed this information from the Plaintiff, Amy Wexler, and other consumers who purchased the Subject Product that was designed, tested, manufactured, labelled, marketed, distributed and sold by Defendants.

16. At all times during which the Defendants misrepresented material facts to and intentionally conceal from Plaintiff and other consumers of the Subject Product that the representations regarding the Candle were false and inaccurate. Defendants made the misrepresentations with the intent to deceive and to induce the public, Amy Wexler herein, to purchase the Subject Product sold by the Defendants. Defendants intended that Ms. Wexler, and other consumers, would rely on these representations and, in fact, they did so.

17. Defendants knew and intended that their misrepresentations would induce consumers, including Ms. Wexler, to purchase the Subject Product. The Defendants also knew and intended that consumers, such as Ms. Wexler, who were the ultimate users of the Subject Product, would rely upon the misinformation that Defendants had provided about the Subject Product.

18. Plaintiff Amy Wexler had no knowledge of the falsity of Defendants' misrepresentations and intentional concealments at the time she purchased and used the Subject Product; and in reliance upon Defendants'

misrepresentations, Plaintiff believed that the Subject Product to be safe for use in her home.

19. Plaintiff Amy Wexler reasonably relied upon the misrepresentations and was induced to and did, in fact, purchase the Candle made by Defendants and used by Ms. Wexler.

20. Plaintiff Amy Wexler would not have purchased and used the Subject Product had she known and been informed of the true facts concerning the causal nexus between using the Candles in the manner that was anticipated and the suffering of severe burns as a result.

21. Amy Wexler has already undergone, and will require, additional surgery, including tendon release surgery as a result of the burns she suffered caused by the dangerously defective Candle.


## COUNT I

### NEGLIGENCE

22. Plaintiff incorporates by reference the preceding paragraphs of the Complaint.

23. At all times relevant to this action, Defendants had a duty to exercise reasonable care, and to comply with the existing standard of care, in their preparation, design, research, development, manufacture, inspection, labeling, warning, marketing, promotion and sale of the Subject Product,

which Defendants introduced into the stream of commerce, including a duty
to ensure that consumers would not suffer injuries from its use.

24. At all times relevant to this action, Defendants had a duty to warn all
consumers of the risks and dangers of the Subject Product.

25. At all relevant times Defendants knew or reasonably should have known that
the Subject Product was unreasonably dangerous and defective when used as
directed and as designed, including but not limited to the lack of a safe
container for the Candle and the lack of proper and necessary warnings
resulting in injuries.

26. Based on what they knew or reasonably should have known as described
above, the Defendants deviated from principles of due care, deviated from the
standard of care, and were otherwise negligent.

27. Based on what they knew or reasonably should have known as described in
the preceding paragraphs, the Defendants deviated from principles of due
care, deviated from the standard of care, and were otherwise negligent in
their design, testing, manufacturing, distribution, labeling, warning and sale
of the Subject Product.

28. The product defect alleged above was a substantial contributing cause of the
injuries and damages suffered by Amy Wexler.

29. The injuries and damages suffered by Amy Wexler were the reasonably
foreseeable results of Defendants' negligence.

30. Had Defendant's Candle not been defectively designed, manufactured, tested, labeled, marketed, distributed and sold, Plaintiff Amy Wexler would not have suffered the injuries and damages described with particularity above.

31. As a direct and proximate cause of the Defendants' negligence, Amy Wexler suffered severe burns, injuries and pain to her hands and feet. Ms. Wexler will also require future medical care, including physical therapy and pain management. In addition, Ms. Wexler has suffered mental distress and anguish and has suffered permanent impairment of the use and function of her hands and feet and other damages.

WHEREFORE, Plaintiff, Amy Wexler, demands compensatory damages, plus interest and costs.

## COUNT II

### NEGLIGENT MISREPRESENTATION

32. Plaintiffs incorporate by reference the preceding paragraphs of the Complaint.

33. Defendants, in the course of their business, negligently misrepresented and communicated to Plaintiff false information regarding the safety of the Subject Product.

34. The false information supplied by Defendants to Plaintiff was that its Candles were safe and would not harm or adversely affect Plaintiff's health.

35. In making such representations, Defendants knew or should have known that the representations were false and not completely accurate at the time Defendants made the representations. As such, Defendants failed to exercise reasonable care or competence in obtaining or communicating truthful and accurate information regarding the Subject Product.

36. The misrepresentations and false information communicated by Defendants to Amy Wexler were material and Ms. Wexler justifiably relied in good faith on Defendants' misrepresentations and false information, all to her detriment.

37. As a direct and proximate result of the negligent misrepresentations by Defendants and their agents, Ms. Wexler suffered and will continue to suffer injuries, damages and losses alleged herein.

WHEREFORE, Plaintiff, Amy Wexler, demands compensatory damages, plus interest and costs.

## COUNT III

## STRICT LIABILITY

38. Plaintiffs incorporate by reference the allegations in the preceding paragraphs as though set forth fully and at length herein. At the time of Amy Wexler's injuries, Defendant's Candle was defective and unreasonably dangerous to foreseeable users, like Amy Wexler, as it was likely to explode with intended and foreseeable use.

Date Filed 7/12/2022 4:21 PM
Superior Court - Worcester
Docket Number

39. Defendants knew and intended that the Candle would be used without inspection for defects therein and without knowledge of the hazards involved in such use.

40. Plaintiffs are informed and believe, and thereupon allege, that at all times herein mentioned, that Defendants were engaged in the business of, amongst other things, designing, testing, manufacturing, fabricating, assembling, marketing, promoting, offering for sale, supplying, selling, distributing, inspecting, warranting, branding, labeling, packaging and advertising the Candle referenced hereinabove and, as such, are strictly liable in tort for the defects and deficiencies herein discussed which caused injury to Amy Wexler as alleged herein.

41. Plaintiffs are informed and believe, and thereupon allege, that at all times herein mentioned, the Candle was defective and dangerous, both in manufacture and design, thereby rendering the subject product unsafe for its intended use and that defects were a cause of injury to Amy Wexler herein.

42. The Candle was unsafe for its intended purpose in that it exploded when used as instructed by Defendants or when used in a manner foreseeable to Defendants, thereby causing serious and permanent injuries such as those suffered by Amy Wexler herein. The defect existed in the Candle at the time it left the possession of Defendants. Said Candle did, in fact, cause personal injuries, including those described herein, to Amy Wexler while being used in

a foreseeable manner, thereby rendering the same defective, unsafe and dangerous for use.

43. At all times mentioned herein, the Candle failed to perform as safely as an ordinary customer would expect when used in an intended or reasonably foreseeable manner, and/or the risk of danger inherent in its design outweighed the benefits of said product.

44. At all times mentioned herein, the foreseeable use of the Candle involved a substantial danger not readily recognizable to an ordinary user or consumer, including Amy Wexler herein, but which danger was known or knowable to Defendants, who failed to adequately warn of the substantial danger

45. Plaintiffs are informed and believe, and upon such information and belief allege that, at the time of the incident complained of, the subject Candle was in substantially the same condition as it was when it left possession of Defendants.

46. At the times and places mentioned herein, Defendants knew or should have known at the time said Candle left its possession, that said product as defective in design and manufacture, that it did not meet users' and ordinary customers' reasonable expectations for safety when used in a reasonable foreseeable manner, and was dangerous, defective, unfit and unsafe for its intended use and that said condition was likely to cause injury as described at length hereinabove, when used in a foreseeable manner, and not properly and adequately tested or inspected.

47. Plaintiffs are informed and believe, and upon such information and belief allege that, the Candle had associated deficits, risks and defects, including but not limited to its defective design, its lack of sufficient warnings and/or use instructions, and those additional items enumerated hereinabove. These associated deficits, risks and defects were known or knowable by Defendants via the use and employ of scientific knowledge and testing available at the time of design, manufacture, testing and distribution of the Candle.

48. Plaintiffs herein allege that the associated risks, deficits and defects of the subject Candle presented a substantial danger to users of the Candle and that ordinary consumers would not have recognized or otherwise anticipated these associated risks.

49. Defendants further failed to warn of the potential risks and hazards associated with the Candle when used in a way that was reasonably foreseeable to Defendants. Any warnings provided were inadequate, defective and inappropriate. This lack of sufficient instructions and/or warnings was a substantial factor in causing injuries and damage to Amy Wexler, as herein alleged.

50. At the times and places mentioned herein, Defendants knew or should have known at the time the Candle left said Defendants' possession, that the Candle was defective in its warnings, design and manufacture, likely to perform unsafely in a manner unanticipated by a prudent user, and having such knowledge, Defendants should have used reasonable care to warn or

give adequate instructions and warning of the Candle defects to those

intending to use said Candle in the manner for which it was intended to be

used.

51. At all times and places mentioned herein, Defendants failed to use

reasonable care to warn or give adequate instructions to provide facts

describing the Candle's dangerous propensities to whom they could expect to

use the product or be endangered by its probable use, and such deficits and

defects as illustrated herein above were a substantial factor in causing injury

and harm to Amy Wexler. The foreseeable risks of Candle explosion and

burning users associated with the Candle outweigh the benefits associated

with the Candle.

52. As a direct and proximate result of the conduct of Defendants, Amy Wexler

suffered severe and permanent physical and emotional injuries to her person,

body and health as described above, all to his general damage in an amount

in excess of the minimum jurisdictional limits of the above-entitled court.

53. As a direct and proximate result of the conduct of Defendants, Amy Wexler

has incurred substantial liability for medical expenses, physicians, nurses,

hospital care, medicine, and other medical treatment. The true and exact

amount of his medical expenses is currently unknown to Plaintiffs and

Plaintiffs pray leave to amend this Complaint accordingly when the true and

exact amount thereof is ascertained.

54. As a further direct and proximate result of the conduct of Defendants, Amy Wexler will be required to and will seek additional future medical care and assistance for treatment of her injuries and will thereby incur additional medical and other related expenses for care of her injuries. The true and exact amount of his future medical expenses is unknown to Plaintiffs and Plaintiffs pray leave to amend this Complaint accordingly when the true and exact amount thereof is ascertained.

55. As a further direct and proximate result of the conduct of Defendants, Amy Wexler suffered emotional distress, pain, discomfort, and anxiety. The true and exact nature and extent of said injuries are unknown to Plaintiffs and Plaintiffs pray leave to amend this Complaint accordingly when they are ascertained.

56. As a direct and proximate result of the acts and omissions of Defendants and Amy Wexler's use of the Candle, Amy Wexler has been unable to perform certain normal daily activities. Amy Wexler has further suffered loss of earnings and lost earning capacity and has been prevented from pursuing her work and employment all to Amy Wexler's damage in an amount which at present unascertained.

## COUNT IV

### BREACH OF IMPLIED WARRANTY

57. Plaintiffs incorporate by reference the preceding paragraphs of the Complaint.

58. Amy Wexler purchased and/or ultimately obtained a Candle from Defendants.

59. Defendants impliedly warranted to the public in general, including Plaintiff Amy Wexler, that the Subject Product sold by it, or under its supervision, direction and control was merchantable and reasonably fit and suitable for the ordinary purposes for which the Candle is used, and the product conformed to the standards imposed by law, and was safe and efficacious when used as intended.

60. In the design, testing, manufacture, labelling, marketing, distribution and sale of the Subject Product, Defendants impliedly warranted to the public in general, including Plaintiff, that the Candle sold by them, or under their supervision, direction and control was merchantable and reasonably fit and suitable for the ordinary purposes for which it was intended and that the Subject Product conformed to the standards imposed by law, and was safe and efficacious when used as intended.

61. Amy Wexler relied on the skill and judgment and implied warranty of Defendants that their Candles were of merchantable quality and safe and fit for the use for which it was intended.

62. The Defendants' Subject Product was unsafe for its intended use, and was not of merchantable quality, as warranted by Defendants in that it had very dangerous propensities when put to its intended use and caused severe injury to Amy Wexler. Defendants' product was unaccompanied by warnings of its

dangerous propensities, either known or reasonably scientifically knowable at the time of distribution.  The aforesaid Subject Product did cause Plaintiff to sustain injury and damages as herein alleged.

63. The product defects alleged above were a substantial contributing cause of the injuries and damages suffered by Plaintiff.

64. As a result of Defendants' breach of implied warranty, Plaintiff suffered and will continue to suffer injuries, damages and losses as alleged herein.

WHEREFORE, Plaintiff, Amy Wexler, demands compensatory damages, plus interest and costs.

## COUNT V

## BREACH OF EXPRESS WARRANTY

65. Plaintiffs incorporate by reference the preceding paragraphs of the Complaint.

66. Amy Wexler purchased and/or obtained the Subject Product from Defendants.

67. Defendants expressly warranted in its written literature, advertisements and representations of its representatives and agents that its Subject Product was safe, effective, fit, and proper for the use for which it was intended.

68. Defendants expressly warranted in their written literature, advertisements and representations of its representatives and agents, that the Subject Product was safe, effective, fit and proper for the use for which it was intended.

69. Plaintiff relied on the skill and judgment and express warranties of Defendants that the Subject Product was safe, effective, fit, and proper for the use for which it was intended.

70. The express warranties were untrue, false, and inaccurate in that the Subject Product was not safe, effective, fit, nor proper for the use for which it was intended.

71. As a direct and proximate result of the breach of express warranty by Defendants, Plaintiff suffered and will continue to suffer injuries, damages, and losses as alleged herein.

WHEREFORE, Amy Wexler demands compensatory damages plus interest and costs.

## COUNT VI

## LOSS OF CONSORTIUM

72. Plaintiffs incorporate by reference the preceding paragraphs of the Complaint.

73. Philip Wexler, as a result of the injuries sustained by Amy Wexler described above, has suffered loss of consortium. He has suffered, and will continue to suffer in the future, the loss of comfort, society, affection, love, companionship, solace, moral support assistance, conjugal fellowship and other damages.

74. Plaintiffs were at all times relevant hereto, and now, husband and wife.

75. Accordingly, Plaintiff Philip Wexler seeks and is entitled to compensatory damages in an amount to be determined at trial.

WHEREFORE, Plaintiff, Philip Wexler, demands compensatory damages, plus interest and costs.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs, Amy Wexler and Philip Wexler demand judgment against Defendants as follows:

1. For general damages according to proof;

2. For past and future pecuniary and economic losses, including loss of income, wages, support, and earning potential according to proof;

3. For past and future medical and related expenses according to proof;

4. For cost of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs Amy Wexler and Philip Wexler hereby demand a jury trial on all

claims so triable in this action.

Dated:  July 12, 2022.               Respectfully Submitted:


                                     _/s/ Ginger Gibbs_____
                                     David Bricker, BBO# 569010
                                     dbricker@tenlaw.com
                                     Ginger Gibbs, BBO #697325
                                     ggibbs@tenlaw.com
                                     **THORNTON LAW FIRM, LLP**
                                     1 Lincoln Street, 13th Floor
                                     Boston, MA 02111
                                     617-720-1333 (ph)
                                     617-720-2445  (f)

                                     ***Attorneys for Plaintiffs***

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2285CV00802 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Amy Wexler et al vs. Bath & Body Works, Inc. et al | | Dennis P. McManus, Clerk of Courts |
| TO: Ginger A Gibbs, Esq.<br>Thornton Law Firm LLP<br>One Lincoln St<br>13th Floor<br>Boston, MA 02111 | | COURT NAME & ADDRESS<br>Worcester County Superior Court<br>225 Main Street<br>Worcester, MA 01608 |

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                        DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 10/11/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 11/09/2022 | |
| All motions under MRCP 12, 19, and 20 | 11/09/2022 | 12/09/2022 | 01/09/2023 |
| All motions under MRCP 15 | 09/05/2023 | 10/05/2023 | 10/05/2023 |
| All discovery requests **and depositions** served and non-expert depositions completed | 07/01/2024 | | |
| All motions under MRCP 56 | 07/31/2024 | 08/30/2024 | |
| Final pre-trial conference held and/or firm trial date set | | | 12/30/2024 |
| Case shall be resolved and judgment shall issue by | | | 07/11/2025 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>07/15/2022 | ASSISTANT CLERK | PHONE<br>(508)831-2364 |
|---|---|---|

Date Filed 7/12/2022 4:21 PM
Superior Court - Worcester
Docket Number

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2285CV00802 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Worcester Superior Court (Worcester) |

| Plaintiff | Amy Wexler and Philip Wexler | Defendant | Bath & Body Works, Inc. |
|---|---|---|---|
| ADDRESS: | 9 Arrowhead Road | ADDRESS: | 7 Limited Pkwy. East |
| Leominster, MA 01453 | | Reynoldsburg, Ohio 43068 | |
| | | | |
| Plaintiff: | Philip Wexler | Defendant: | Bath & Body Works, LLC |
| ADDRESS: | 9 Arrowhead Road | ADDRESS: | 2 Limited Pkwy |
| Leominster, MA 01453 | | Columbus, Ohio 43230 | |
| | | | |
| Plaintiff Attorney: | Ginger Gibbs | Defendant: | John/Jane Doe 1-10 |
| ADDRESS: | Thornton Law Firm LLP | ADDRESS: | |
| 1 Lincoln St., 13th Floor | | | |
| Boston, MA 02111 | | | |
| BBO: | 697325 | | |
| Plaintiff Attorney: | David Bricker | Defendant: | Corporation "X" 1-10 |
| ADDRESS: | Thornton Law Firm LLP | ADDRESS: | |
| 9595 Wilshire Boulevard, Suite 900 | | | |
| Beverly Hills, California | | | |
| BBO: | 569010 | | |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B(05) | Products Liability | A | ☒ YES   ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   ☐ YES   ☒ NO          Is there a class action under Mass. R. Civ. P. 23?   ☐ YES   ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS

A. Documented medical expenses to date

| | |
|---|---|
| 1. Total hospital expenses | $100,000.00 |
| 2. Total doctor expenses | $50,000.00 |
| 3. Total chiropractic expenses | $10,000.00 |
| 4. Total physical therapy expenses | $50,000.00 |
| 5. Total other expenses (describe below) | $25,000.00 |
| +TBD | |
| Subtotal (1-5): | $235,000.00 +TBD |
| B. Documented lost wages and compensation to date | $100,000.00 |
| C. Documented property damages to date | $10,000.00 |
| D. Reasonably anticipated future medical and hospital expenses | $250,000.00 |
| E. Reasonably anticipated lost wages | $500,000.00 |
| F. Other documented items of damages (describe below) | $100,000.00 |
| +TBD | |
| TOTAL (A-F): | $1,195,000.00 +TBD |

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

severe burns, pain, discomfort, and scarring

#### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item #: | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |

SC0001: 1/22/2021                    www.mass.gov/courts                    Date/Time Printed:07-12-2022 12:16:59

Date Filed 7/12/2022 4:21 PM
Superior Court - Worcester
Docket Number

| | Total | |
|---|---|---|

| Signature of Attorney/Unrepresented Plaintiff: X   /s/ Ginger A. Gibbs | Date: | July 12, 2022 |
|---|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X   /s/ Ginger A. Gibbs | Date: | July 12, 2022 |
|---|---|---|

Date Filed 7/12/2022 4:21 PM
Superior Court - Worcester
Docket Number

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality ***

AA1 Contract Action involving Commonwealth,
    Municipality, MBTA, etc. (A)
AB1 Tortious Action involving Commonwealth,
    Municipality, MBTA, etc. (A)
AC1 Real Property Action involving
    Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action involving Commonwealth,
    Municipality, MBTA, etc. (A)
AE1 Administrative Action involving
    Commonwealth, Municipality, MBTA,etc. (A)

**CN Contract/Business Cases**

A01 Services, Labor, and Materials (F)
A02 Goods Sold and Delivered (F)
A03 Commercial Paper (F)
A04 Employment Contract (F)
A05 Consumer Revolving Credit - M.R.C.P. 8.1 (F)
A06 Insurance Contract (F)
A08 Sale or Lease of Real Estate (F)
A12 Construction Dispute (F)
A14 Interpleader (F)
BA1 Governance, Conduct, Internal
    Affairs of Entities (A)
BA3 Liability of Shareholders, Directors,
    Officers, Partners, etc. (A)
BB1 Shareholder Derivative (A)
BB2 Securities Transactions (A)
BC1 Mergers, Consolidations, Sales of
    Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property (A)
BD2 Proprietary Information or Trade
    Secrets (A)
BG1 Financial Institutions/Funds (A)
BH1 Violation of Antitrust or Trade
    Regulation Laws (A)
A99 Other Contract/Business Action - Specify (F)

**\*** Choose this case type if ANY party is the
Commonwealth, a municipality, the MBTA, or any
other governmental entity UNLESS your case is a
case type listed under Administrative Civil Actions
(AA).

**†** Choose this case type if ANY party is an
incarcerated party, UNLESS your case is a case
type listed under Administrative Civil Actions (AA)
or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

D01 Specific Performance of a Contract (A)
D02 Reach and Apply (F)
D03 Injunction (F)
D04 Reform/ Cancel Instrument (F)
D05 Equitable Replevin (F)
D06 Contribution or Indemnification (F)
D07 Imposition of a Trust (A)
D08 Minority Shareholder's Suit (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting (A)
D11 Enforcement of Restrictive Covenant (F)
D12 Dissolution of a Partnership (F)
D13 Declaratory Judgment, G.L. c. 231A (F)
D14 Dissolution of a Corporation (F)
D99 Other Equity Action (F)

**PA Civil Actions Involving Incarcerated Party †**

PA1 Contract Action involving an
    Incarcerated Party (A)
PB1 Tortious Action involving an
    Incarcerated Party (A)
PC1 Real Property Action involving an
    Incarcerated Party (F)
PD1 Equity Action involving an
    Incarcerated Party (F)
PE1 Administrative Action involving an
    Incarcerated Party (A)

**TR Torts**

B03 Motor Vehicle Negligence - Personal
    Injury/Property Damage (F)
B04 Other Negligence - Personal
    Injury/Property Damage (F)
B05 Products Liability (A)
B06 Malpractice - Medical (A)
B07 Malpractice - Other (A)
B08 Wrongful Death - Non-medical (A)
B15 Defamation (A)
B19 Asbestos (A)
B20 Personal Injury - Slip & Fall (F)
B21 Environmental (F)
B22 Employment Discrimination (F)
BE1 Fraud, Business Torts, etc. (A)
B99 Other Tortious Action (F)

**RP Summary Process (Real Property)**

S01 Summary Process - Residential (X)
S02 Summary Process - Commercial/
    Non-residential (F)

**RP Real Property**

C01 Land Taking (F)
C02 Zoning Appeal, G.L. c. 40A (F)
C03 Dispute Concerning Title (F)
C04 Foreclosure of a Mortgage (X)
C05 Condominium Lien & Charges (X)
C99 Other Real Property Action (F)

**MC Miscellaneous Civil Actions**

E18 Foreign Discovery Proceeding (X)
E97 Prisoner Habeas Corpus (X)
E22 Lottery Assignment, G.L. c. 10, § 28 (X)

**AB Abuse/Harassment Prevention**

E15 Abuse Prevention Petition, G.L. c. 209A (X)
E21 Protection from Harassment, G.L. c. 258E(X)

**AA Administrative Civil Actions**

E02 Appeal from Administrative Agency,
    G.L. c. 30A (X)
E03 Certiorari Action, G.L. c. 249, § 4 (X)
E05 Confirmation of Arbitration Awards (X)
E06 Mass Antitrust Act, G.L. c. 93, § 9 (A)
E07 Mass Antitrust Act, G.L. c. 93, § 8 (X)
E08 Appointment of a Receiver (X)
E09 Construction Surety Bond, G.L. c. 149,
    §§ 29, 29A (A)
E10 Summary Process Appeal (X)
E11 Worker's Compensation (X)
E16 Auto Surcharge Appeal (X)
E17 Civil Rights Act, G.L. c.12, § 11H (A)
E24 Appeal from District Court
    Commitment, G.L. c.123, § 9(b) (X)
E25 Pleural Registry (Asbestos cases)
E94 Forfeiture, G.L. c. 265, § 56 (X)
E95 Forfeiture, G.L. c. 94C, § 47 (F)
E99 Other Administrative Action (X)
Z01 Medical Malpractice - Tribunal only,
    G.L. c. 231, § 60B (F)
Z02 Appeal Bond Denial (X)

**SO Sex Offender Review**

E12 SDP Commitment, G.L. c. 123A, § 12 (X)
E14 SDP Petition, G.L. c. 123A, § 9(b) (X)

**RC Restricted Civil Actions**

E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
E27 Minor Seeking Consent, G.L. c.112, § 12S(X)

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| | | | ☒ YES ☐ NO |
| B03 | Motor Vehicle Negligence-Personal Injury | F | |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

### A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.